RICHARD FAY, Respondent, v. HARRY C. WITTE, Appellant.

Third Department, November 18, 1932.

*J. Vanderbilt Straub*, for the appellant.

*Werner H. Pigors*, for the respondent.

PER CURIAM. On the 14th day of February, 1931, before maturity, the appellant, the payee of a note, indorsed the same on the back thereof as follows: " I hereby assign all my right and interest in this note to Richard Fay in full." (Signed) " Harry C. Witte." Section 68 of the Negotiable Instruments Law expressly provides that a qualified indorsement constitutes the indorser an " assignor of the title to the instrument." The indorsement in question is in the language of a mere assignment of the title to the instrument, which satisfies in full the definition of what a qualified indorsement constitutes. If the words " without recourse " constitute the symbol of an assignment of title and if " words of similar

import " is a phrase intended to permit an assignment of title to be tersely expressed, we can only believe it to have been the intent of the Legislature that language expressing in full an assignment of title constitutes a qualified indorsement. The sole purpose of the symbol for an assignment was the commercial need for brevity. Had the assignor of the note, by a separate instrument, used this language to assign one or more notes, no one would claim the transaction to be other than an assignment. In this case the assignor has used the same language necessary to an assignment but has placed it upon the back of the note. We see no difference in implication. This was not the usual method of indorsing a note where one intended to be liable as an indorser. Under a fair reading of the statute we think it constituted a qualified indorsement.

The order should be reversed upon the law, with costs, and the complaint dismissed, with costs.

HINMAN, RHODES and CRAPSER, JJ., concur; HILL, J., dissents, with an opinion, in which VAN KIRK, P. J., concurs.

HILL, J. (dissenting). The defendant is the payee named in a promissory note. He transferred it to the plaintiff by an indorsement which stated, " I hereby assign all my right and interest in this note to Richard Fay in full." He contends that the indorsement is qualified and that he is not liable as an indorser. He appeals from an order denying his motion to dismiss plaintiff's complaint.

Uniform treatment of negotiable instruments is desirable among the States, and courts have suggested that if authority as to any question does not exist at home, especial regard should be given the decisions of other jurisdictions. The reported decisions in New York do not furnish a precedent as to the issue here presented. In the States where the question has been passed upon, the decisions are in conflict. Those which have determined that similar indorsements are qualified have stated the reason that as the transferor, by writing his name only upon the instrument, became the transferor and assignor of title to the instrument and also became obligated as an indorser to pay the note, an indorsement which in terms only transferred the instrument, by implication excluded the obligation to pay. Support for this reasoning was found in the maxim that the expression of one thing is the exclusion of another (*expressio unius est exclusio alterius*). The plain language of the statute leaves no room for this reasoning. The enactment of the Negotiable Instruments Law was designed to simplify,

clarify and make definite so much of the law merchant as governs the exchange, among business men, of documents which are treated as money. The statute says, "A qualified indorsement constitutes the indorser a mere assignor of the title to the instrument. It may be made by adding to the indorser's signature the words ' without recourse '·or any words of similar import." (Neg. Inst. Law, § 68.) This indorsement does not comply with the requirements of the statute. A transferee accepting a note whereon the indorsement did not contain the words " without recourse," or other language of substantially the same meaning, should be protected even if he has forgotten, or never knew, the Latin maxim above quoted. The indorsement is unqualified.

The order should be affirmed, with costs.

VAN KIRK, P. J., concurs.

Order reversed on the law, with ten dollars costs and disbursements, and complaint dismissed, with costs.